FILED
2013 Jun-10 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANICE STEWART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. |
| | * | 2:13-cv--00875-WMA |
| BROOKWOOD MEDICAL | * | |
| CENTER, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT BROOKWOOD MEDICAL CENTER'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, the defendant Brookwood Health Services, Inc., d/b/a Brookwood Medical Center (hereinafter "Brookwood"), in the above-styled cause, and respectfully requests that this Honorable Court deem the plaintiff's Motion to Remand moot, or alternatively, enter an order denying the motion and exercise its jurisdiction over the action. As grounds, this defendant states as follows:

Judge Dennis Saylor, District Judge for the District of Massachusetts, has ordered that *all* federal and state court cases against NECC or any affiliated entity or individual *shall* be transferred to the United States District Court for the District of Massachusetts, rendering the plaintiff's Motion to Remand presently before this Court moot. *See* Memorandum and Order on Trustee's Motion to Transfer Cases

and Related Motions, attached as Exhibit "A".  Should this Court determine that the plaintiff's Motion to Remand is not moot, then this Court has subject matter jurisdiction over this action for the following reasons: (1) jurisdiction is proper with this Court based on "related to" jurisdiction under 28 U.S.C. § 1334(b) and (2) jurisdiction is proper with this Court because Brookwood has been fraudulently joined as a defendant for the sole purpose of defeating diversity jurisdiction, thus not divesting the Court of jurisdiction.

I.      **The Plaintiff's Motion to Remand is moot.**

On December 21, 2012, NECC filed a petition seeking relief under Chapter 11 of the Bankruptcy Code.  (Doc. 1, ¶ 1).  On February 12, 2013, the Judicial Panel on Multidistrict Litigation (JPML) established an MDL proceeding.  (Doc. 1, ¶ 2).  Paul D. Moore, the Chapter 11 Trustee, filed a Motion to Transfer with the District Court for the District of Massachusetts asking the Court to exercise "related to" jurisdiction and transfer to itself all related personal injury and wrongful death actions.  (Doc. 1, ¶ 15, and Exhibit "A").  On May 31, 2013, Judge Saylor granted the bankruptcy trustee's motion in part and denied it in part.  (Exhibit "A").  Judge Saylor concluded that "the Court will assert jurisdiction over, and transfer, *all* federal cases against NECC and its affiliates, and *all* state-court cases against NECC and its affiliates, including cases where the claims are third-party claims for contribution or indemnity."  The Court declined to transfer any

state-court cases that do not involve claims against NECC or its affiliates. (Exhibit "A," pg. 3 (emphasis added)). The following specific categories of cases are to be transferred to the United States District Court for the District of Massachusetts: "(1) those cases against NECC or any affiliated entity or individual pending in federal courts, (2) those cases against NECC or any affiliated entity or individual in the process of being removed from state court, and (3) those cases pending in state court in which any party has asserted a claim (including a claim for contribution or indemnity) against NECC or any affiliated entity or individual." (Exhibit "A," pg. 27).[1] The instant action is asserted against NECC and Brookwood and falls into the specific class of cases for which transfer to the United States District Court for the District of Massachusetts has been ordered. Accordingly, the plaintiff's Motion to Remand filed with this Court is moot.

Should this Court conclude that Judge Saylor's May 31, 2013 does not render the Plaintiff's Motion to Remand moot, the motion is due to be denied, as this Court has subject matter jurisdiction over this action.

## II.   This Court has "related to" jurisdiction under 28 U.S.C. § 1334(b).

Title 28 U.S.C. § 1452(a) provides that

> A party may remove any claim or cause of action in a civil action …, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this Title.

---

[1] The logistics of effecting the transfer of these cases is not set forth in the Order, but will be determined at a later time.

> Title 28 U.S.C. § 1334(b) provides as follows:
>
> Notwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the district court, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or *related to* cases under Title 11.  (Emphasis added).

The foregoing provision establishes jurisdiction in the following three classes of proceedings: (1) those "arising under Title 11," (2) those "arising in … cases under Title 11," and (3) those "related to cases under Title 11."   The instant action falls into that category of "related to cases under Title 11" and grants this Court jurisdiction under 28 U.S.C. § 1334(b).

*In re Lemco Gypsum, Inc.,* 910 F.2d 784 (11th Cir. 1990) has been described as the "seminal case in this Circuit on the scope of the bankruptcy court's 'related to' jurisdiction."  *See In re Toledo,* 170 F.3d 1340, 1345 (11th Cir. 1999).  The 11th Circuit adopted the following "extremely broad" test set forth in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984):

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could *conceivably* have an affect on the estate being administered in bankruptcy.  The proceeding need not necessarily be against the debtor or the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Toledo,* 170 F.3d at 1345 (emphasis added).

Here, the action meets all of the factors set forth in the above test. The proceeding is against the debtor, NECC. Also, the proceeding "conceivably" and "certainly 'could have some effect on the bankruptcy estate,'" as Judge Saylor recently concluded. (*See* Exhibit "A," pg. 13). Indeed, the very issue before this Court on plaintiff's Motion to Remand was argued, briefed, researched and analyzed extensively in the United Stated District Court for the District of Massachusetts, and Judge Saylor determined that the Court had "related to" jurisdiction under 28 U.S.C. § 1334(b), the mandatory abstention under 28 U.S.C. § 1334(c)(2) did not apply to any of the state-court cases at issue, and the balance of the factors considered when determining whether to abstain or not under § 1334(c)(1) "weigh[] against discretionary absention, except as [to] those cases pending in state courts that do not involve any claims against NECC-affiliated entities or individuals." (Exhibit "A," pgs. 12-25).

The mandatory absention provision provided for in 28 U.S.C. § 1334(c)(2) states as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

However, as Judge Saylor noted when analyzing the mandatory absention provision, "Section 1334(c)(2) *must* be read in conjunction with 28 U.S.C. § 157(b)(4), which states that '[n]on-core proceedings under section 157(b)(2)(B) … *shall not* be subject to the mandatory absention provisions of section 1334(c)(2).'" (Exhibit "A," pg. 20 (emphasis added)).  Under 28 U.S.C. § 157(b)(2)(B), "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims *against the estate* for purposes of distribution in a case under title 11" are non-core claims.  *See* 28 U.S.C. § 157(b)(2)(B)(emphasis added).  Because the instant action involves a personal injury tort claim against the estate, the mandatory absention provision of § 1334(c)(2) does not apply, and Judge Saylor so concluded.  (*See* Exhibit "A," pg 23).

Additionally, under the circumstances presented in and surrounding the instant action, discretionary abstention should not be exercised by this Court.  28 U.S.C. § 1334(c)(1) provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Judge Saylor set forth the following twelve factors that courts consider when determining whether it should exercise its discretion and abstain under 28 U.S.C. § 1334(c)(1):

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends absention;
(2) the extent to which state law issues predominate over bankruptcy issues;
(3) the difficulty or unsettled nature of the applicable state law;
(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) the substance rather than form of an asserted "core" proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden [on] the court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of nondebtor parties.

(Exhibit "A," pg. 24, citing *In re Twin Laboratories, Inc.* 300 B.R. 836, 841 (S.D.N.Y. 2003)). Upon consideration of those twelve factors, Judge Saylor found "that the balance of those factors weigh against discretionary abstention" in cases such as the instant action. *Id.* Therefore, based on the same rationale and given that the same issue presented to Judge Saylor is before this Court, this Court too should refrain from exercising its discretionary abstention.

For the foregoing reasons, this Court has "related to" jurisdiction and abstention is neither required nor necessitated.

7

**III.     The Plaintiff cannot possibly establish a cause of action against Brookwood because the claims asserted against it are barred by Alabama Code § 6-5-521(b).  Thus, Brookwood was fraudulently joined and cannot be used to defeat removal.**

An action is removable based on diversity jurisdiction if the non-diverse party has been joined fraudulently.[2] *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).  One situation in which the joinder has been deemed fraudulent is when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* In making a determination as to whether there is no possibility of establishing a claim against a non-diverse defendant and thus, whether the defendant has been fraudulently joined, this Court should base its decision "upon the plaintiff's pleadings at the time of removal." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989).

As Brookwood sets forth in its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 9), the plaintiff cannot possibly establish a cause of action against it because the claims are barred by Alabama Code § 6-5-521(b). The only allegations asserted against Brookwood are as follows:

> (a)    "negligently caused or negligently allowed Plaintiff to receive contaminated steroid injections … that were defective, contaminated and unreasonably dangerous for human injection and use,"

---

[2] Absent the joinder of a fraudulent claim, diversity jurisdiction is based upon complete diversity of citizenship between the parties and an amount in controversy excess of $75,000. *See* 28 U.S.C. § 1332.  Brookwood does not address the amount in controversy requirement herein, as plaintiff does not contest it in her Motion to Remand, but only contends that the parties are not diverse.  *See* Plaintiff's Motion to Remand, Doc. 7.

(b)   "negligently failed to take proper steps and precautions to assure the injectable steroid compound was not contaminated with bacteria, fungus or other deleterious agents before providing them for injections or use with patients in general and Plaintiff, in particular,"

(c)   "negligent and/or wanton in its use of the injectable steroid, triamcinolone acetonide …without taking steps to assure that the product was being provided by a safe entity that had appropriate and necessary safeguards to assure that the product would not be defective, contaminated or unreasonably dangerous,"

(d)   "negligent and/or wanton in its failure to remove, destroy or return such defective product by being alert and responsive to notices or news of the potential contamination of large lots of the product from NECC," and

(e)   "violation of the Alabama Extended Manufacturer's Liability Doctrine."

*See* Complaint, Doc. 1-1, ¶¶ 4, 7 and 9.  In order for Brookwood, as the only non-diverse party, to destroy complete diversity and defeat removal, there must be some possibility that the plaintiff can prove her claims against it. *See Trigg,* 154 F.3d at 1287.  However, Alabama law unequivocally forecloses that possibility. Alabama law expressly prohibits a plaintiff from asserting any products liability action against a seller, distributor, wholesaler, dealer or retailer of a product, "or against an individual or business entity using a product in the production or delivery of its products or services (collectively referred to as the distributor)."[3] *See* Alabama Code § 6-5-521(b).  The stated purpose of Alabama Code § 6-5-

---

[3] As detailed in Brookwood's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 9), there are a few exceptions to Alabama Code § 6-5-521(b), but none of the exceptions apply in this case nor is it alleged that any of the exceptions apply.

521(b) is to protect distributors who are "merely conduits of a product;" it is designed to preclude actions such as the instant action asserted against Brookwood. Not a single claim asserted against Brookwood is unrelated or independent from the design and manufacture of NECC's product at issue, so the action falls squarely within the expressed language of Alabama Code § 6-5-521(b).

It is readily apparent that Brookwood Medical Center was fraudulently joined. Thus, Brookwood cannot be used to destroy diversity and defeat removal.

WHEREFORE, PREMISES CONSIDERED, Defendant Brookwood Medical Center respectfully requests that this Honorable Court declare the Plaintiff's Motion to Remand moot, or alternatively, accept the removal of this action to this Court and deny Plaintiff's Motion to Remand.

Respectfully submitted,

s/Holly S. Bell
Holly S. Bell
asb-2555-y79s
Attorney for Brookwood Medical Center
NORMAN, WOOD, KENDRICK &
TURNER
Ridge Park Place – Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone:  (205) 328-6643
Facsimile:   (205) 251-5479
Email:   hbell@nwkt.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANICE STEWART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. |
| | * | 2:13-cv--00875-WMA |
| BROOKWOOD MEDICAL | * | |
| CENTER, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically filed the foregoing with the Clerk of the Court through the CM/ECF system and I have served a copy of the foregoing via CM/ECF or if not a CM/ECF participant, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this the 10th day of June, 2013:

Steven D. Heninger, Esq.
Heninger Garrison Davis, LLC
Post Office Box 11310
Birmingham, AL  35202

Sara M. Turner, Esq.
C. Meade Hartfield, Esq.
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
1400 Wells Fargo Tower
420 20th Street North
Birmingham, AL  35203

                                            s/Holly S. Bell_____
                                            OF COUNSEL