IN THE DISTRICT COURT OF
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANICE STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 2:13-CV-00875-WMA |
| BROOKWOOD MEDICAL CENTER and NEW ENGLAND COMPOUNDING CENTER, | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Motion of defendant New England Compounding Center ("NECC") to Stay Pending Transfer (doc. 3), the Motion of the plaintiff Janice Stewart ("Stewart") to Remand (doc. 7), and the Motion of defendant Brookwood Medical Center ("Brookwood") to Dismiss (doc. 9). This court adopts the colloquy as recorded in the hearing of June 28, 2013, as hereinafter supplemented, as the opinion of this court.

The claim against NECC is properly removed pursuant to 28 U.S.C. § 1334(b), which provides federal jurisdiction over "all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." The Eleventh Circuit's test to determine if a claim is 'related to' a Title 11 case is "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Toledo*, 170 F. 3d 1340, 1345 (11th Cir. 1999). NECC has a bankruptcy proceeding currently pending in the district court for the District of Massachusetts which easily meets the 'related to' test. Additionally, 28 U.S.C. § 157(b)(5) states that "the district court shall order that personal injury tort and wrongful death claims shall

1

be tried in the district court in which the bankruptcy case is pending." Pursuant to this power, Judge Saylor of the District of Massachusetts has issued an order on May 31, 2013, taking jurisdiction over all federal cases against NECC and its affiliates.

The claim against Brookwood has no basis for jurisdiction in this court, a fact that explains Brookwood's failure to join in the notice of removal. Brookwood is not an affiliate of NECC and is not currently pursuing any third-party claim against NECC for contribution or indemnity. The claim against Brookwood, though it involves products it purchased from NECC, does not affect the NECC estate being administered in bankruptcy. In the interest of judicial economy and the limitation that federalism places on federal jurisdiction, the court finds that the separate claims against NECC and Brookwood should be severed. As explained in *Moore's Federal Practice*:

> The trial court thus has great discretion to restructure an action to promote the efficient administration of justice. Rule 21 gives the court tools to jettison those parties and claims that are not within its jurisdiction or that are not conveniently prosecuted together, preserving parties and claims that are properly before it. Typically the court uses this power to drop parties or sever claims involving parties whose presence destroys diversity of citizenship jurisdiction. A court need not dismiss an entire case when a party's presence destroys diversity of citizenship. Instead it may use Rule 21 to restructure the action, maintaining as much of the case as is properly within its subject matter jurisdiction and relating to which all parties are before the court.

4 James Wm. Moore et al., *Moore's Federal Practice* § 21.05 (3d ed. 2013).

Stewart's motion to remand is GRANTED IN PART and DENIED IN PART. Her claim against Brookwood is SEVERED AND REMANDED to the Circuit Court of Jefferson County, Alabama. Because this court does not have jurisdiction over the claim against Brookwood, Brookwood's Motion to Dismiss will have to be ruled upon by the state court. The claim against

2

NECC is SEVERED and properly remains in federal jurisdiction. This court recognizes the potential for an impending transfer to the District of Massachusetts and, thus, GRANTS NECC's Motion to Stay Pending Transfer. The clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this 1st day of July, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE